# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>RUSSEL YORK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00463-OWW-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Docs. 7, 8, 9, 10, 11, 13, 14, 16)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Michael Eugene Hollis ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is suing Defendants for the alleged violation of his civil rights while housed in the Fresno County Jail. Before the Court are multiple motions from Plaintiff.

## I.    Plaintiff's Motions

Plaintiff filed his "Motion To Compel Sheriff Margaret Mims To Produce A Certified Copy Of Plaintiff's Prisoner Trust Account Statement" on April 29, 2009 (hereinafter "4/29/09 Motion"). (Doc. #7.) Plaintiff was ordered to submit a certified copy of his prison trust account statement in the Court's order granting him IFP status. Plaintiff claims that prison officials at Fresno County Jail have been unresponsive to his requests for a trust account statement and requests an order from the Court compelling them to provide it.

Plaintiff filed his "Motion For A Change Of Venue Or U.S. District Judge; And An Order To Transfer Plaintiff Immediately" on May 22, 2009 (hereinafter "5/22/09 Motion"). (Doc. #8.) Plaintiff seeks either a change in venue or recusal of U.S. District Judge Oliver W. Wanger from this

1

action because of an alleged conflict of interest arising from the fact the Judge Wanger also presided over Plaintiff's criminal appeal. Plaintiff also alleges that he was promised by the U.S. Marshal's office that he would be transferred out of Fresno County Jail and that "it is now time for [the U.S Marshal's office] to honor [their] word." (Compl. 1:21-22.)

Plaintiff filed his "Motion For Emergency Injunction; Court Ordered Transfer For Medical Reasons" on June 2, 2009 (hereinafter "6/2/09 Motion"). (Doc. #9.) Plaintiff filed his "Motion For Emergency Injunction; Court-Ordered Transfer To Restore Plaintiff's Right To Access A Grievance Procedure And To Access United States Courts Without Harassment" on June 5, 2009 (hereinafter "6/5/09 Motion"). (Doc. #10.) Plaintiff filed his "Motion For Emergency Injunction; Court-Ordered Medical Transfer" on June 8, 2009 (hereinafter "6/8/09 Motion"). (Doc. #11.) Plaintiff filed his "Emergency Motion For Court-Ordered Transfer; Ongoing Harassment/Retaliation By Defendants" on June 11, 2009 (hereinafter "6/11/09 Motion"). (Doc. #13.) Plaintiff filed his "Motion For Emergency Injunctive Relief; Court-Ordered Transfer And Protective Order" on June 18, 2009 (hereinafter "6/18/09 Motion"). (Doc. #14.) Plaintiff requests the Court to order him to be transferred away from Fresno County Jail because staff have been harassing him, preventing him from filing grievances, and denying medical care.

Plaintiff filed his "Motion For Court-Ordered Transfer Of Pro Per Federal Prisoner Back Into This Courts Jurisdiction" on August 24, 2009 (hereinafter 8/24/09 Motion). (Doc. #16.) Plaintiff complains that he was transferred 1300 miles away to the Federal Correctional Institute in Big Spring, Texas and requests the Court to order his transfer back to California.

**II.    Discussion**

  **A.    Motion for Change of Venue/Recusal**

Plaintiff requests a change of venue, or alternatively, disqualification of Judge Wanger. A motion for change of venue is governed by 28 U.S.C. § 1404, which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Plaintiff has not alleged any facts justifying a change of venue under 28 U.S.C. § 1404. Plaintiff does not allege that conducting the trial would be more convenient in another venue.

As for being "in the interest of justice", Plaintiff's request is essentially a motion requesting recusal of Judge Wanger. Requests for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. 455. 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotations and citations omitted). The alleged bias that justifies recusal must usually stem from an extrajudicial source. Liteky v. United States, 510 U.S. 540, 554-56 (1994). A judge is not rendered recusable for bias or prejudice based on knowledge learned from earlier proceedings involving the same parties. Id. at 551 ("Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."); U.S. v. Frias-Ramirez, 670 F.2d 849, 853 n.6 (9th Cir. 1982) (information, beliefs and biases acquired while presiding over trial of co-defendant did not warrant disqualification); Lyons v. U.S. 325 F.2d 370, 376 (9th Cir. 1963) ("A mere showing of prior judicial exposure to the present parties or questions will not invoke [28 U.S.C. § 144].").

Plaintiff has not alleged facts justifying recusal. Plaintiff alleges that "a change of . . . U.S. District Judge" is justified "based on a conflict of interest between the criminal appeal and the section 1983 civil rights lawsuit being heard in that same court or by that same U.S. District Judge." The fact that Judge Wanger presided over Plaintiff's criminal appeal is not sufficient to disqualify him from presiding over Plaintiff's civil rights lawsuit. Plaintiff provides no other allegations demonstrating why Judge Wanger is disqualified from presiding over this action. Plaintiff has not identified any actions evincing bias, nor has Plaintiff identified any information learned by Judge

Wanger suggesting bias. The mere fact that Judge Wanger presided over Plaintiff's criminal appeal is insufficient to justify recusal, nor does it justify a change of venue.

The Court finds that Plaintiff has not demonstrated that he is entitled to a change of venue or recusal of Judge Wanger. Accordingly, the Court recommends that Plaintiff's motion for change of venue/recusal be denied.

### B. Motions for Preliminary Injunctive Relief

Plaintiff has filed numerous motions requesting preliminary injunctive relief. Plaintiff's 4/29/09 Motion requests the Court to order Fresno County Sheriff Margaret Mims to produce a copy of Plaintiff's trust account statement. Plaintiff's 5/22/09 Motion, 6/2/09 Motion, 6/5/09 Motion, 6/8/09 Motion, 6/11/09 Motion, and 6/18/09 Motion requests a transfer away from Fresno County Jail because he was being harassed, denied medical care, and denied access to an inmate grievance system.

The record shows that Plaintiff has since been transferred from Fresno County Jail to the Federal Correctional Institution in Big Spring, Texas. When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at Fresno County Jail, he is no longer subjected to the conditions complained of in his motions. With respect to Plaintiff's 4/29/09, Plaintiff can presumably obtain a copy of his trust account statement from prison officials at his current prison. Therefore, the Court recommends that Plaintiff's motions be denied as moot.

### C. Motion for Transfer Back to California

Plaintiff requests preliminary injunctive relief in the form of a court order requiring Plaintiff to be transferred back to California after Bureau of Prisons officials transferred Plaintiff to the Federal Correctional Institution in Big Spring, Texas. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction

is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff requests the Court to order Bureau of Prisons officials to transfer Plaintiff back to California. Plaintiff argues that he should be transferred back to California because he does not have sufficient access to legal research materials in Big Springs, Texas, and his new prison has "gang violence problem[s], inhumane handicapped access, and horrible medical care." However, none of the defendants in this action are Bureau of Prisons officials. Although Plaintiff alleges that Russell York, a defendant in this action, conspired with Bureau of Prison officials to facilitate Plaintiff's transfer to Big Springs, Texas, Plaintiff fails to provide any persuasive evidence suggesting the existence of a conspiracy. The Court may only issue an injunction to affect those persons over which it has power. See id. This action is only against officials from the Fresno County Jail and a U.S. Marshal for mistreating Plaintiff while housed in the Fresno County Jail. The Court lacks jurisdiction over any parties that would be able to facilitate Plaintiff's transfer from Big Springs, Texas back to California. To the extent that Plaintiff is denied access to legal resources

5

necessary to have reasonable access to the courts, or is denied treatment for his serious medical needs, or is otherwise being harassed or retaliated against by prison officials in Big Springs, Texas, Plaintiff must raise those claims in a separate lawsuit – he may not seek relief through a preliminary injunction in this action. The Court recommends that Plaintiff's motion for transfer back to California be denied.

### III. Conclusions and Recommendations

Plaintiff has filed motions seeking a change of venue or recusal of Judge Wanger from this action, preliminary injunctive relief compelling Margaret Mims to produce a copy of Plaintiff's trust fund account statement, preliminary injunctive relief seeking transfer away from Fresno County Jail, and preliminary injunctive relief seeking transfer from the Federal Correctional Institution in Big Springs, Texas.

The Court finds that Plaintiff has failed to allege circumstances justifying a change of venue, or Judge Wanger's recusal from this action. The Court finds that Plaintiff's motions for preliminary injunctive relief regarding from the conditions at Fresno County Jail have been rendered moot because Plaintiff has since been transferred from Fresno County Jail. Finally, the Court finds that it lacks jurisdiction to issue an order facilitating Plaintiff's transfer from Big Springs, Texas to a prison within this Court's jurisdiction.

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Plaintiff's 4/29/09 Motion seeking an order compelling Margaret Mims to produce a certified copy of Plaintiff's prisoner trust account statement be DENIED;
2. Plaintiff's 5/22/09 Motion seeking a change of venue or recusal of Judge Wanger, and transfer away from Fresno County Jail, be DENIED;
3. Plaintiff's 6/2/09 Motion seeking transfer away from Fresno County Jail be DENIED;
4. Plaintiff's 6/5/09 Motion seeking transfer away from Fresno County Jail be DENIED;
5. Plaintiff's 6/8/09 Motion seeking transfer away from Fresno County Jail be DENIED:

6. Plaintiff's 6/11/09 Motion seeking transfer away from Fresno County Jail be DENIED;

7. Plaintiff's 6/18/09 Motion seeking transfer away from Fresno County Jail be DENIED; and

8. Plaintiff's 8/24/09 Motion seeking transfer away from the Federal Correctional Institution in Big Spring, Texas to a prison within this Court's jurisdiction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 29, 2009**                       **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE