# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSSELL YORK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00463-OWW-SMS<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATIONS<br>( Nos. 25, 31, 35) |

    Plaintiff Michael Eugene Hollis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On October 15, 2010, the Magistrate Judge screened Plaintiff's first amended complaint and issued a findings and recommendations recommending dismissal of certain claims and severing Plaintiff's cognizable claims. 28 U.S.C. § 1915A. Plaintiff filed a timely objection on January 18, 2011. The objection has been considered. In his objection Plaintiff states that Defendants should not be allowed to be relieved of liability. However, Plaintiff's conclusory statements that Defendants were aware of deprivations, without any facts indicating how Defendants were aware, are insufficient to state a cognizable claim. Iqbal, 129 S. Ct. at 1949. Requiring a plaintiff to properly plead a complaint does not relieve a defendant of liability.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a de novo review of this case. Having carefully reviewed the entire file, the undersigned finds the the Magistrate Judge's substantive analysis of Plaintiff's claims is correct.

As noted by the Magistrate Judge, the cognizable claims stated in Plaintiff's first amended complaint are improperly joined. For example, Plaintiff's claim against Defendant Laird did not arise from the same transaction, occurrence, or series of transactions as any of Plaintiff's other unrelated claims. Although Plaintiff's "Correctional/Officer Harassment/Retaliation" claim and his "Retaliatory Abuse of the Disciplinary Process" claim could be joined in a single lawsuit under Rule 18 because they involve the same group of Defendants, those two sets of claims cannot be joined with any other unrelated claims. Plaintiff's first amended complaint is dismissed, without prejudice to Plaintiff filing separate actions for the cognizable claims against the separately alleged responsible parties in accordance with Rule 18.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation, issued October 15, 2010, is adopted in part and modified in part as reflected herein;

2. Plaintiff's first amended complaint is DISMISSED, without prejudice.IT IS SO ORDERED.

Dated:    March 31, 2011            /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE