1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS, | CASE NO. 1:09-cv-00463-OWW-SMS |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (ECF No. 45) |
| RUSSELL YORK, et al., | THIRTY DAY DEADLINE |
| Defendants. | |
| _____/ | |

## I.    Screening Requirement

Plaintiff Michael Eugene Hollis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Currently before the Court is the second amended complaint, filed July 15, 2011. (ECF No. 45.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.    Complaint Allegations

Plaintiff is in the custody of the Department of Prisons and is currently incarcerated at Big Spring Federal Correctional Institution. Plaintiff alleges that while he was in the custody of the

1

1  Fresno County Sheriff he was denied access to the court in violation of the First Amendment.

2  Plaintiff alleges that he is now housed in Texas and is hindered from litigating his claims in

3  California because his access to legal authority is limited.

4       Plaintiff alleges that the policies in place at the Fresno County Jail are constitutionally

5  inadequate. (Second Amended Compl. 10, ECF No. 45.[1])  Plaintiff's complaint is thirty four pages

6  of legal argument with intermittent facts and references to his thirty four pages of exhibits.  The

7  Court declines to sift through the legal argument in an attempt to ferret out Plaintiff's factual

8  allegations.  Accordingly, the second amended complaint shall be dismissed and Plaintiff will be

9  granted the opportunity to file a third amended complaint in compliance with this order.  In the

10 paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply

11 to his claims.  Plaintiff should carefully review the standards and amend only those claims that he

12 believes, in good faith, are cognizable.

13 **III.   Legal Standards**

14      **A.    Rule 8**

15      The Court advises Plaintiff of the following requirements under the Federal Rules of Civil

16 Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a

17 short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Federal Rule of

18 Civil Procedure 8(a)(2).  Plaintiff's first amended complaint is neither short nor plain. Plaintiff's first

19 amended complaint contains thirty four pages, thirty four pages of exhibits, and lists multiple

20 unrelated incidents and contains legal argument.

21      "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,'

22 but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft

23 v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

24 (2007)).  "Each allegation must be simple, concise, and direct."  Federal Rule of Civil Procedure

25 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as

26 practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).  "[E]ach claim

27

28      [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners
    via the CM/ECF electronic court docketing system.

1  founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule

2  of Civil Procedure 10(b).

3      The function of the complaint is not to list every single fact relating to Plaintiff's claims.

4  Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its

5  already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to

6  the Court that meets the requirements of Rule 8. It is Plaintiff's job, not the Court's, to state a claim

7  for each defendant.

8      **B.     Rule 18**

9      Plaintiff has previously been advised that he may not bring unrelated claims in this action.

10  Plaintiff's complaint sets forth allegations of denial of access to the courts, unconstitutional

11  conditions of confinement, and retaliation based on unrelated incidents. Pursuant to the Federal

12  Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim

13  may join, as independent or alternate claims, as many claims as it has against an opposing party."

14  Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against

15  Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims

16  against different defendants belong in different suits, not only to prevent the sort of morass [a

17  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

18  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals

19  that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George

20  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a

21  "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with

22  Rule 18(a), the Court will dismiss his amended complaint for failure to comply with a court order.

23      **C.     Linkage**

24      Under section 1983, Plaintiff must demonstrate that each defendant personally participated

25  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

26  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

27  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

28  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

### D.    Defendant Liability

The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  Id. at 25.

Plaintiff is attempting to bring suit against Defendant Mimms for an unconstitutional policy at the Fresno County Jail.  A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself.  McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986).  Therefore officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985).  The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available.  Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

### E.    First Amendment

#### 1.    Access to the Court

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010).  The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To bring a claim, the

plaintiff must have suffered an actual injury by being shut out of court. <u>Christopher v. Harbury</u>, 536
U.S. 403, 415 (2002); <u>Lewis</u>, 518 U.S. at 351.

### 2.   Retaliation

A viable claim of retaliation in violation of the First Amendment consists of five elements:
"(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that
prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal."
<u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005); <u>accord</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262,
1269 (9th Cir. 2009).

### F.   Eighth Amendment

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he
was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation
occurred with deliberate indifference to the inmate's health or safety." <u>Thomas v. Ponder</u>, 611 F.3d
1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that
"prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and
that there was no "reasonable justification for the deprivation, in spite of that risk." <u>Id.</u> (quoting
<u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 844 (1994))

### G.   Due Process

In order to state a cause of action for a deprivation of due process, a plaintiff must first
identify a liberty interest for which the protection is sought.  <u>Id.</u>  The Due Process Clause does not
confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence.
<u>Sandin v. Conner</u>, 515 U.S. 472, 480 (1995).  However, a state may "create liberty interests which
are protected by the Due Process Clause." <u>Sandin</u>, 515 U.S. at 483-84.  A prisoner has a liberty
interest protected by the Due Process Clause only where the restraint "imposes atypical and
significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Keenan v.
Hall</u>, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting <u>Sandin</u>, 515 U.S. at 484).

### H.   Injunctive Relief

Plaintiff is seeking unspecified injunctive relief.  When an inmate seeks injunctive or

1   declaratory relief concerning the prison where he is incarcerated, his claims for such relief become

2   moot when he is no longer subjected to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th

3   Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517,

4   519 (9th Cir. 1991).  Since Plaintiff is no longer incarcerated at the Fresno County Jail, his request

5   for injunctive relief is moot.  Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

6              **I.     Amended Complaint**

7              Plaintiff will be given one final leave to file a third amended complaint to cure the

8   deficiencies of the second amended complaint.  Plaintiff is advised that the failure to comply with

9   the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's

10  third amended complaint being dismissed without leave to amend.  Plaintiff is further warned that

11  continued failure to take meaningful steps to obey the Court's orders will result in this action being

12  dismissed for failure to obey a court order.  See Local Rule 110.

13             In his third amended complaint, Plaintiff shall state as briefly as possible the facts of his case,

14  describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite

15  to any cases or statutes.  (See Form Complaint, § IV, enclosed with this order.)  Plaintiff shall

16  separate his claims, so that it is clear what his claims are and who the defendants involved are.

17  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or

18  failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

19  Additionally, Plaintiff's complaint may not exceed twenty five pages.

20  **IV.    Conclusion and Order**

21             For the reasons stated, Plaintiff is granted leave to file an amended complaint within thirty

22  days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature

23  of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d

24  605, 607 (7th Cir. 2007) (no "buckshot" complaints).

25             Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

26  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

27  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

28  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

6

1  caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).  Although

2  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

3  speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

4          Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

5  114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

6  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

7  causes of action alleged in an original complaint which are not alleged in an amended complaint are

8  waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

9  Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

10         Based on the foregoing, it is HEREBY ORDERED that:

11    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

12    2.    Plaintiff's complaint, filed July 15, 2011, is dismissed for violating Federal Rules of

13          Civil Procedure 8 and 18;

14    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

15          amended complaint; and

16    4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

17          action will be dismissed, with prejudice, for failure to comply with a court order.

20  IT IS SO ORDERED.

21  **Dated:   August 24, 2011**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

7