1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 EASTERN DISTRICT OF CALIFORNIA
8

MICHAEL EUGENE HOLLIS,                          CASE NO. 1:09-cv-00463-AWI-SMS

9
                    Plaintiff,                  FINDINGS AND RECOMMENDATIONS
10                                              RECOMMENDING DISMISSING CERTAIN
        v.                                      CLAIMS AND DEFENDANTS
11
RUSSELL YORK, et al.,                           (ECF No. 50)
12
                    Defendants.                 OBJECTIONS DUE WITHIN THIRTY DAYS
13 _____/
14

15 **I.      Screening Requirement**

16         Plaintiff Michael Eugene Hollis ("Plaintiff") is a federal prisoner proceeding pro se and in

17 forma pauperis in this civil action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named

18 Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a

19 remedy for violation of civil rights by federal actors.[1]  Currently pending before the Court is the third

20 amended complaint, filed September 26, 2011.  (ECF No. 50.)

21         The Court is required to screen complaints brought by prisoners seeking relief against a

22 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24 "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25 monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

26
27 _____

    [1]Initially, the Court notes that although Plaintiff brings this action under Bivens, the allegations involve both
28 federal and state actors.  Accordingly, the Court shall construe this as an action brought under both Bivens and 42
    U.S.C. § 1983.

1

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

**II.   Complaint Allegations**

Plaintiff is incarcerated at the Federal Correctional Institution in Big Spring, Texas. Plaintiff's third amended complaint alleges that while he was housed at the Fresno County Jail from August 18, 2008 until June 16, 2009, he was denied access to the law library or any system of receiving legal materials.  (Third Amended Compl. 6, ECF No. 50.)  Plaintiff alleges that he wrote to Defendant York and filed complaints that were ignored by Defendant Mims.  (Id. at 6.)

Plaintiff was told that he would be moved to Madera County Jail, but Defendant York failed to have Plaintiff transferred to Madera County Jail.  (Id. at 9-10.)  Plaintiff alleges that had he had access to legal materials, Judge Wanger would have granted all if not some of his motions for injunctive relief.  (Id. at 10.)  Plaintiff brings this action against Defendants Mims and York for obstructing Plaintiff from pursing his civil rights complaints against jail conditions.  (Id. at 11.)

Plaintiff was harmed by being denied research into injunctive relief while housed at Fresno County Jail. (Id. at 11-12.)

Additionally, Plaintiff alleges that he was subjected to pain and misery due to cold temperatures in the "40's and 50's" while housed at the Fresno County Jail. (Id. at 12.) Plaintiff alleges that he was kept in a cold holding cell at the Fresno County Jail because of an unwritten policy since it makes inmates easier to mange. (Id. at 12-13.) Plaintiff alleges that Defendants Mims and York were aware of the jail temperatures through letters, grievances, face to face talks,[2] attorney interventions, and sit down talks with both York and Mims representatives. (Id. at 12.)

On October 13, 2008, Plaintiff asked his defense attorney to talk to the United States Marshall Service about the cold, medical care, and library denials. On October 27, 2008, Plaintiff complained about the cold, medical care, forced housing with gang members, and denial of library access. Plaintiff also learned that federal prisoners were housed in Madera.[3] (Id. at 13.) Plaintiff was exposed to cold temperatures from October 2008 through March 2009 causing him to suffer from post surgical osteo-arthritis and foot numbness. Plaintiff complained to medical personnel about the cold. (Id. at 14.)

Plaintiff filed two grievances regarding the jail temperature in November 2008 and Defendant Mims and an unidentified individual sent Defendant Dawson and Calvert to "falsify a temperature reading by 'shooting' a lazer temperature reading at a sky light on the sunny side of the building." (Id. at 15.) Plaintiff asked Defendant Dawson to take a reading in Plaintiff's cell and Defendant Dawson refused. On December 12, 2008, Plaintiff's grievance was denied by an unidentified jail commander ("Defendant Doe"). Nothing was done to address Plaintiff's suffering. (Id.)

Plaintiff was placed in "the hole" and subjected to even colder temperatures which caused him to catch a cold. Plaintiff was given cold medication for two and one half days when his

---

[2] Although Plaintiff alleges that Defendants Mims and York were aware due to face to face talks he stated in his complaint that he never spoke face to face with Defendants Mims or York. (Third Amended Compl. 6.)

[3] Plaintiff references a prior order of the Court finding that cognizable claims had been stated in his prior complaint. However, Plaintiff has been advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

1    symptoms of a runny nose, sneezing, sore throat and coughing up phlegm lasted over three weeks.

2    He suffered from severe pain due to the cold and was not given pain medication while in the hole.

3    (Id. at 17.)

4          On October 27, 2008, Plaintiff was told that the United States Marshall Service was planning

5    to move him to another facility in Madera.  Plaintiff spoke with a United States Marshall on

6    December 1, 2008, and was led to believe the move would occur soon.  Plaintiff filed a motion for

7    a change of venue, which was denied by Judge Wanger.  Plaintiff ended up taking a psychiatric

8    medication until he was transferred from Fresno County Jail in June 2009.  (Id. at 18.)

9          Plaintiff brings this action against Defendants Holder, Mims, York, Dawson, Calvert, and

10   Doe, in their individual and official capacities, alleging denial of access to the court in violation of

11   the First Amendment and cruel and unusual conditions of confinement in violation of the Eighth and

12   Fourteenth Amendments.  He is seeking compensatory and punitive damages, and injunctive relief.

13   **III.   Discussion**

14          **A.      Access to Court**

15          Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

16   U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010).  The right is merely the

17   right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal

18   appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To bring a claim, the

19   plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536

20   U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

21          Prisoners do not have the right to access a law library and "an inmate cannot establish

22   relevant actual injury simply by establishing that his prison's law library or legal assistance program

23   is subpar in some theoretical sense."  Lewis, 518 U.S. at 351.  Thus an inmate cannot state a

24   cognizable claim by alleging that he was denied access to the law library or a legal assistance

25   program. Plaintiff appears to be attempting to allege denial of access to the courts for the claims that

26   he originally brought in this action.  The incidents alleged in Plaintiff's third amended complaint

27   occurred from October 2008 through March 2009.  Plaintiff's original complaint was filed March

28   11, 2009, approximately six months after the alleged violations began.  During his criminal case, in

January 2009, Plaintiff was advised by Judge Wanger that he needed to file a civil action to address his concerns. (Third Amended Compl. 23.) Although Plaintiff's request for legal materials was denied on January 15, 2009, he filed this action approximately two months later. (Id. at 24.)

Additionally, Plaintiff alleges that motions he has filed in this action would have been granted if he had adequate access to legal materials. (See Third Amended Complaint 35.) Plaintiff has filed a motion for a change of venue, motion for recusal, and multiple motions for injunctive relief requesting the Court order the Bureau of Prisons to transfer him out of Fresno County Jail, and then after he was transferred, back to California that have been denied. Upon review of the motions filed in this action, the Court finds that even with additional legal research Plaintiff would not have prevailed on his motions.

While Plaintiff claims that he was unable to bring actions due to denial of access to legal assistance, he has not alleged any facts demonstrating that he suffered an actual injury to qualifying litigation, and his claim fails as a matter of law. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

**B.   Deliberate Indifference**

The incidents alleged in the complaint begin when Plaintiff was a pretrial detainee and continue after he was convicted. As a pretrial detainee, Plaintiff would be protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Accordingly, Plaintiff's claims for conditions of confinement and, to the extent Plaintiff is attempting to allege a denial of medical treatment, would be analyzed under the deliberate indifference standard applicable to the Eighth Amendment.

To constitute cruel and unusual punishment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The plaintiff must

1  "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective

2  showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."

3  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference

4  requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an

5  inmates health or safety and that there was no "reasonable justification for the deprivation, in spite

6  of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).  The circumstances,

7  nature, and duration of the deprivations are critical in determining whether the conditions

8  complained of are grave enough to form the basis of a viable claim."  Johnson v. Lewis, 217 F.3d

9  726, 731 (9th Cir. 2006).

10                    **1.    Conditions of Confinement**

11       Plaintiff's allegations are sufficient to state a cognizable claim against Defendants Dawson

12  and Calvert for subjecting Plaintiff to cold temperatures in the jail in violation of the Eighth

13  Amendment.

14       Plaintiff's conclusory statements that Defendant Doe sent Defendants Dawson and Calvert

15  to collect fraudulent temperature readings is insufficient to state a cognizable claim.  Iqbal, 129 S.

16  Ct. at 1949.  The facts as alleged in the complaint show that Defendant Doe responded to Plaintiff's

17  grievance by sending employees out to investigate the temperature in the jail.  Plaintiff's grievance

18  was denied based upon the temperature readings provided by the investigating officials.  The prison

19  grievance procedure does not confer any substantive rights upon inmates and actions in reviewing

20  appeals cannot serve as a basis for liability under section 1983.  Buckley v. Barlow, 997 F.2d 494,

21  495 (8th Cir. 1993).  At the time Plaintiff's appeal was denied Defendant Doe would be relying upon

22  the temperature readings provided during the investigation and Plaintiff has failed to allege facts to

23  indicate that Defendant Doe was aware that the temperature readings were inaccurate.

24       Additionally, government officials may not be held liable for the actions of their subordinates

25  under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot

26  be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that

27  the official has violated the Constitution through his own individual actions.  Id. at 1948.  Plaintiff's

28  allegation that he sent a letter or that he informed the subordinates of Defendants Mims and York

                                    6

about the temperatures in the jail is insufficient to demonstrate that Defendants Mims or York "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  While Plaintiff has alleged that he submitted grievances he has failed to set forth factual allegations to demonstrate that Defendants Mims or York were aware of a serious risk of harm to Plaintiff and failed to respond.  Thomas, 611 F.3d at 1150.

## 2.  Medical Treatment

To the extent that Plaintiff attempts to bring this action for denial of medication, the complaint fails to state a cognizable claim.  Plaintiff's allegation that he was not given pain medication and only given cold medication for two and one half days, when he continued to suffer a runny nose, sneezing, sore throat and was coughing up phlegm for three weeks is insufficient to establish that Plaintiff was at a risk of serious harm from the denial of medication.  Farmer, 511 U.S. at 837.  Additionally, Plaintiff has failed to show that any named defendant was aware that any need for medication existed and the allegations do not link any named defendant to the decision to deny him medication.  Jones, 297 F.3d at 934.

## 3.  Transfer to Another Facility

While Plaintiff alleges cruel and unusual punishment because he was not transferred after being informed he would be, the factual allegations fail to establish that Defendant York was aware of any risk of harm to Plaintiff or that Plaintiff suffered an objectively serious deprivation of life's basic necessities due to the failure to transfer him.  Farmer, 511 U.S. 834.  Plaintiff has failed to state a cognizable claim based upon not being transferred to a different facility.

## C.  Due Process

Additionally, there is no substantive liberty interest in being housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).  Neither the initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicate the Due Process Clause.  Olim, 461 U.S. 244-45; see Moody v. Daggett, 429 U.S. 78, 88 f. 9 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).  Plaintiff does not have a liberty

1  interest in being moved from Fresno County Jail to another facility.

2      **D.      Federal Torts Claim Act**

3      To the extent that Plaintiff seeks to hold the United States Department of Justice liable for

4  the temperatures at the Fresno County Jail or in the federal holding cells, the United States and its

5  agencies are immune from suit absent a waiver of sovereign immunity. <u>FDIC v. Meyer</u>, 510 U.S.

6  471, 476 (1994). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign

7  immunity for certain torts committed by government employees. <u>Delta Savings Bank v. United</u>

8  <u>States</u>, 265 F.3d 1017, 1024 (9th Cir. 2001). This waiver includes "tort claims arising out of

9  negligent conduct of government employees acting within the scope of their employment," <u>Terbush</u>

10  <u>v. United States</u>, 516 F.3d 1125, 1128-29 (9th Cir. 2008), if the United States, *as a private person*,

11  would be liable to the plaintiff under California tort law, <u>United States v. Olson</u>, 126 S. Ct. 510, 511

12  (2005); <u>Delta Savings Bank</u>, 265 F.3d at 1025. Any duty owed to the plaintiff by the United States

13  "must be found in California state tort law." <u>Delta Saving Banks</u>, 265 F.3d at 1025.

14      In addition, a suit may not be instituted against the United States under the FTCA unless the

15  claim is first presented to the appropriate federal agency and the claim is finally denied, or six

16  months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). Where the

17  claim requirement is not met the Court must dismiss the claim for lack of subject matter jurisdiction.

18  <u>Goodman v. United States</u>, 298 F.3d 1048, 1054, 1055 (2002). Plaintiff fails to allege that he met

19  the requirement to file a claim with the appropriate federal agency within the applicable time period.

20      **E.      Official Capacity**

21      Plaintiff is a prisoner in federal custody and is seeking relief pursuant to <u>Bivens</u> which

22  recognized a private action where federal officers are alleged to have violated the constitutional

23  rights of citizens. <u>Correctional Services Corporation v. Malesko</u>, 534 U.S. 61, 66 (2001). A <u>Bivens</u>

24  action will not lie against the United States, agencies of the United States, or federal agents in their

25  official capacity. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994). Plaintiff's only remedy for an

26  alleged constitutional violation is against the individual official. <u>Malesko</u>, 534 U.S. at 72.

27      A local government unit may only be held liable for a constitutional injury if it inflicts the

28  injury complained of through a policy or custom. <u>Waggy v. Spokane County Washington</u>, 594 F.3d

707, 713 (9th Cir. 2010).  While Plaintiff alleges that Defendant Mims implemented a library policy that denied him access to the courts, his claim fails as he did not demonstrate that the policy violated his constitutional rights.  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).

Plaintiff's conclusory statements that the unwritten policy of keeping the holding cells cold so inmates are easier to manage are insufficient to state a plausible claim.  Iqbal, 129 S. Ct. at 1949.  Plaintiff also alleges that there is a policy outlawing long johns, beanies, socks, or gloves in the commissary.  However, according to the exhibits attached to Plaintiff's complaint, he was directing his requests for warm clothing and blankets to medical personnel and was informed that he needed to seek such items through custody personnel.  (Third Amended Compl. 30, 33, 34.)  According to the response to Plaintiff's grievance on December 2, 2008, this was the fifth inappropriate grievance Plaintiff submitted to medical personnel.  Plaintiff's complaint fails to show that the  "customs or policies were the moving force behind" the violation of plaintiff's constitutional rights.  Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006).  Nor does the complaint sufficiently link any named defendant to the alleged policy to deny inmate of warm clothing or heat.  Iqbal, 129 S. Ct. at 1949.

Additionally, the complaint is devoid of any mention of Defendant Holder, other than Plaintiff's request for relief.  Since Plaintiff has failed to set forth factual allegations against Defendant Holder he should be dismissed from this action for failure to state a claim.

## F. __Injunctive Relief__

Finally Plaintiff requests an order that no financial settlement will be taken from him for costs of incarceration.  For each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010).  This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).  The

allegations found cognizable in the complaint do not establish standing for Plaintiff to request the relief requested.

Additionally, the Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The relief that Plaintiff requests is not narrowly drawn to correct the violation of the federal right at issue in this action. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted) Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

## IV.     Conclusion and Order

Plaintiff's third amended complaint sets forth a cognizable claim against Defendants Dawson and Calvert for deliberate indifference to conditions of confinement in violation of the Eighth Amendment, but does not state any other federal claims for relief. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed pursuant to 42 U.S.C. § 1983 on Plaintiff's third amended complaint, filed September 26, 2011, against Defendants Dawson and Calvert deliberate indifference to conditions of confinement in violation of the Eighth Amendment;

2.     Plaintiff's First Amendment access to the court claim, remaining Eighth and Fourteenth Amendment claims, official capacity claims, and claim for injunctive relief be dismissed, with prejudice, for failure to state a claim under section 1983; and

3.     Defendants Holder, Mims, York, and Doe be dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 3, 2011             /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE