UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS, | CASE NO. 1:09-cv-00463-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR RULING OF CONTEMPT |
| v. | |
| RUSSELL YORK, et al., | (ECF Nos. 59, 60) |
| Defendants. | RESPONSIVE PLEADING DUE APRIL 25, 2012 |

Plaintiff Michael Eugene Hollis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] This action is proceeding on the third amended complaint, filed September 26, 2011. (ECF No. 50.) On November 10, 2011, an order issued finding service of the third amended complaint appropriate for Defendants Calvert and Dawson, and directing Plaintiff to complete and return service documents within thirty days. (ECF No. 54.) On December 1, 2011, an order issued directing the United States Marshal to serve the summons and complaint upon Defendants Calvert and Dawson. (ECF No. 56.) Defendant Dawson's waiver of service was returned on January 24, 2012, showing that he had been served on December 21, 2011. (ECF No. 57.) On March 5, 2012, Defendant Dawson was ordered to file a responsive pleading within thirty days. (ECF No. 58.) Plaintiff filed a motion for default judgment or ruling of contempt on April 11,

---

[1] Although Plaintiff is a federal prisoner, the incidents alleged in the complaint occurred while he was housed at the Fresno County Jail.

2012. (ECF No. 59.) Defendant Dawson filed an opposition to the motion for default judgment on April 13, 2012.[2] (ECF No. 60.)

Plaintiff moves for the Court to enter default judgment against Defendant Dawson or in the alternative find Defendant Dawson in contempt of court and enter a declaratory judgment against him. Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D.Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations omitted). Plaintiff may not receive an entry of default judgment, because there has been no entry of default against Defendant Dawson.

Additionally, a party may have the entry of default set aside upon a showing of good cause. Fed. R. Civ. Pro. 55(c). In determining if good cause exists to set aside the default judgment, "the court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal punctuation and citations omitted). When a party is seeking relief from default prior to the entry of default judgment the test is liberally applied. Id. at 1091 n.1.

In this instance, were the Court to enter default it could easily be set aside. See Knox v. Woodford, No. 1:07-cv-00144-AWI-DLB PC, 2010 WL 1956739, *1 (E.D.Cal. May 14, 2010). Defendant Dawson had recently retired and received the documents from his previous employer, the Fresno County Sheriff's Department. Plaintiff was not represented by counsel, but believed that

---

[2] Although Plaintiff's time to file a reply has not passed, since good cause exists to allow Defendant Dawson to file a responsive pleading, the Court finds it unnecessary to delay this case any further.

since the documents came through the Sheriff's Department they were aware of the action and were representing him in this action. It was not until Defendant Calvert was served and counsel contacted Defendant Dawson that he became aware that no responsive pleading was filed. Within three days of discovering that no responsive pleading was filed, Defendant Dawson filed the opposition to the motion for default judgment. The Court finds that there was no culpable conduct on the part of Defendant Dawson. Defendant Dawson has a meritorious defense as he claims that Plaintiff's allegations are untrue. Finally, Plaintiff will not suffer any prejudice since the time for Defendant Calvert to file a responsive pleading has not yet passed and discovery has yet to open in this action.

Finally, Plaintiff requests that the Court find Defendant Dawson in contempt and enter a declaratory judgment pursuant to Federal Rule of Civil Procedure 65(d)(2). Rule 65 addresses the issuance of and failure to comply with injunctions and restraining orders and is inapplicable to the situation here. The Court does have inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. The Court finds that Defendant's Dawson's conduct in failing to respond to the previous orders was an honest mistake and was not done in bad faith. Therefore, Plaintiff's motion for the Court to hold Defendant Dawson in contempt and issue sanctions shall also be denied.

////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment and or ruling of contempt, filed April 11, 2012, is DENIED; and

2. Defendant Dawson shall file a responsive pleading on or before April 25, 2012.

IT IS SO ORDERED.

Dated: **April 16, 2012**          **/s/ Barbara A. McAuliffe**
                                    UNITED STATES MAGISTRATE JUDGE