# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS, | CASE NO. 1:09-cv-00463-AWI-BAM PC |
| Plaintiff, | ORDER PROVIDING DEFENDANT CALVERT WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE |
| v. | |
| RUSSELL YORK, et al., | (ECF Nos. 63, 65) |
| Defendants. | THIRTY-DAY DEADLINE |

On December 1, 2011, the Court ordered the United States Marshal to serve process upon the defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On April 27, 2012, the United States Marshal filed a return of service with a USM-285 form showing charges of $55.51 for effecting personal service on Defendant Calvert. (ECF No. 63.) The form shows that a waiver of service form was mailed to Defendant Calvert on December 7, 2011. Defendant Calvert did not return a waiver, which resulted in the execution of personal service on April 5, 2012.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed.

R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Calvert was given the opportunity required by Rule 4(d)(1) to waive service, but he failed to return his waiver to the United States Marshal. The Court shall provide Defendant Calvert with the opportunity to show good cause for failing to waive service. If Defendant Calvert either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant Calvert.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Calvert may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If Defendant Calvert either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Calvert the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: May 2, 2012                    /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE