# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EUGENE HOLLIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RUSSELL YORK, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00463-AWI-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 70, 74, 79, 82, 84, 85)<br><br>ORDER STRIKING PLAINTIFF'S UNSIGNED MOTION FOR A CHANGE OF VENUE<br><br>(ECF No. 86) |

Plaintiff Michael Eugene Hollis ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 22, 2012, findings and recommendations issued recommending granting Defendants' motion to dismiss for failure to exhaust administrative remedies and notifying the parties that objections were to be filed within thirty days. (ECF No. 82.) On November 29, 2012, Plaintiff filed objections to the findings and recommendations, a list of disputed facts, and an unsigned motion for a change of venue. (ECF Nos. 84, 85, 86.) Defendants filed an opposition to the motion for a change of venue and a response to the objections on December 10, 2012. (ECF No. 87, 88.)

---

[1] Although Plaintiff is a federal prisoner, the incidents alleged in the complaint occurred while he was housed at the Fresno County Jail.

1

Unsigned documents cannot be considered by the Court, and Plaintiff's motion for a change of venue is stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b).

This action is proceeding on Plaintiff's claim that Defendants Calvert and Dawson were deliberately indifferent to Plaintiff's conditions of confinement in November 2008 while responding to his grievance that he was subjected to freezing cold temperatures. (Findings and Recommendations Recommending Dismissing Certain Claim and Defendants 3:16-21, 6:11-7:6, ECF No. 51.) In his objection to the findings and recommendations, Plaintiff submits a grievance he submitted on February 27, 2009, complaining about the food services manager in which he states he was placed in extreme cold in a disciplinary cell. For the type of grievance, Plaintiff marked food and maintenance. Plaintiff claims that this grievance was never responded to. Plaintiff also submits a grievance filed February 25, 2009, in which the type of grievance was marked disciplinary and officer conduct. In this grievance, he also mentions the extreme cold. Defendants argue that Plaintiff' did not object to any of the actual findings issued by the Magistrate Judge and the Court should not consider new evidence submitted with his objection.

Initially, the PLRA requires proper exhaustion of administrative remedies which means the inmate must comply with all procedural requirements of the institutions' grievance process. Woodford v. Ngo, 548 U.S. 81, 93-95 (2006). The grievance form clearly states that the grievance form is limited to one grievable issue per form. A review of these forms shows that Plaintiff's primary grievance for these appeals was not the cold temperatures he was subjected to in February 2009. In the February 27, 2009, grievance Plaintiff complained about the lack of food and the greed of Canteen, Inc. (ECF No. 85 at 4.) In the February 25, 2009 grievance Plaintiff grieved that officers had conspired against him and he had wrongfully been placed in disciplinary segregation and removed from the medical housing unit. Plaintiff complained that at his disciplinary hearing he had been told he would do five days, but had been left "to rot twenty five additional days." (Id. at 5.)

In order to find that Plaintiff's appeals exhausted his administrative remedies the appeals must " provide enough information . . . to allow prison officials to take appropriate responsive measures." Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004)). The primary purpose of the grievance is to alert the prison to

the problem and facilitate resolution. Griffin, 557 F.3d at 1120. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d. 813, 823 (9th Cir. 2010)

The claims against Defendants Calvert and Dawson occurred in November 2008, and the regulations in effect when Plaintiff was housed at Fresno County Jail state that inmates are provided with an inmate grievance form by FCJ staff and the grievance must be filed within fourteen days of the incident being grieved.[2] (Inmate Grievance Policies and Procedures 4, ECF No. 70-4.) The grievances submitted by Plaintiff to support his opposition were filed after Plaintiff had been transferred to a different section of the jail and were grieving the conditions he was subjected to at that time. These grievances were filed three months after the claims against Defendant Calvert and Dawson that are at issue in this action and clearly are outside the fourteen days as required by the regulations. Further, they do not refer to Plaintiff's conditions of confinement in 2008 prior to his transfer. Nothing in these grievances would place jail officials on notice of Plaintiff's complaints regarding Defendants Calvert and Dawson's investigation of his earlier grievance while housed in a different section of the jail. These grievances do not suffice to exhaust the claims proceeding in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the undersigned finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed October 22, 2012, is adopted in full;
2. Defendants' motion to dismiss for failure to exhaust, filed June 29, 2012, is GRANTED;
3. Plaintiff's unsigned motion for a change of venue, filed November 29, 2012, is STRICKEN from the record;
4. All pending motions are terminated; and

---

[2] Defendants have provided two versions of the inmate handbook that were in use during the relevant time period. The Court has reviewed the grievance procedures set forth and they are identical in both of the handbooks.

1       5.    This action is dismissed, without prejudice, for Plaintiff's failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   March 26, 2013

                                     SENIOR DISTRICT JUDGE